UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeramiah Christopher Raper,<br><br>Plaintiff,<br><br>v.<br><br>Nate Millender, Medical Provider; Darren Haugen, P.T.; Dr. Shicker, Medical Director; and Centurion Health Care Provider,<br><br>Defendants. | Case No. 24-CV-02789 (JWB/ECW)<br><br>REPORT AND RECOMMENDATION |

In an order dated July 23, 2024, this Court directed Plaintiff Jeramiah Christopher Raper to provide sufficient financial information so that this Court could calculate his initial partial filing fee in accordance with 28 U.S.C. § 1915(b). (*See* Dkt. 4). Raper was given 21 days from the date of the Order, or until August 13, 2024, to provide the required information, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). That Order was not returned as undeliverable.

That deadline has now passed, and Raper has not submitted the required financial information. In fact, Raper has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, consistent with the warning previously given to Raper, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*,

267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: August 22, 2024                *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).